United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA,<br>Plaintiff,<br>v.<br>MARTHA J. MARTINEZ POLANIAS, individually and d/b/a EL CIELO BAR & GRILL,<br>Defendant. | Case No. 25-cv-08726-BLF<br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br>[Re: ECF 19] |

Plaintiff Innovative Sports Management, a distributor and licensor of sporting events, sues Defendant Martha J. Martinez Polanias for unlawfully intercepting the *Colombia v. Chile Soccer Match* ("the Program") aired on October 15, 2024, and exhibiting it at her commercial establishment, El Cielo Bar & Grill. *See* Compl. ¶ 15, ECF 1. Plaintiff seeks damages under federal and state law.

Before the Court is Plaintiff's motion for default judgment. *See* Pl.'s Mot., ECF 19. The Court previously vacated the hearing after finding the motion to be suitable for decision without oral argument. *See* Order Vacating Hrg., ECF 20. The Court finds that Plaintiff has established an entitlement to default judgment, but it declines to award all of the damages requested by Plaintiff.

Accordingly, the motion for default judgment is GRANTED IN PART AND DENIED IN PART, as discussed below.

United States District Court
Northern District of California

## I. BACKGROUND

Plaintiff purchased the exclusive nationwide commercial distribution rights to the Program, including all interviews and game commentary. *See* Compl. ¶ 15. Plaintiff entered into sublicensing agreements with various commercial entities throughout North America, allowing them to publicly exhibit the Program at their commercial establishments. *See id.* ¶ 16. Defendant owns and does business as the commercial establishment known as El Cielo Bar & Grill, located at 2650 Alum Rock Ave., San Jose, California 95116. *See id.* ¶ 7. Defendant exhibited the Program at El Cielo Bar & Grill on October 15, 2024, without sublicensing the rights to do so from Plaintiff. *See id.* ¶ 11. Plaintiff's investigator, Mario Galvez, observed the unlawful exhibition of the Program at El Cielo Bar & Grill on October 15, 2024. *See* Galvez Decl., ECF 19-2. Galvez states that El Cielo Bar & Grill has a capacity of approximately 60 people, and he counted, three separate times, that 41 patrons were present while the Program was exhibited. *See id.* A sublicense to show the Program would have cost Defendant $1,000. *See* Jacobs Decl. ¶ 8, ECF 19-1.

Plaintiff filed this action on October 10, 2025, asserting claims for: (1) unauthorized publication or use of communications in violation of 47 U.S.C. § 605; (2) unauthorized reception of cable service in violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of Cal. Bus. & Prof. Code § 17200. Defendant has not appeared, and the Clerk has entered her default. *See* Clerk's Notice, ECF 17. Plaintiff now seeks entry of default judgment against Defendant.

## II. LEGAL STANDARD

Default may be entered against a party who fails to defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. *See* Fed. R. Civ. P. 55(a). After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In deciding whether to enter default judgment, a court should consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable

United States District Court
Northern District of California

neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

All factual allegations in the plaintiff's complaint are taken as true, except those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Damages may be proved either through an evidentiary hearing, or through documentary evidence submitted by the plaintiff. *See Sec. & Exch. Comm'n v. Blockvest, LLC*, No. 18CV2287-GPB(MSB), 2020 WL 7488067, at *2 (S.D. Cal. Dec. 15, 2020).

## III. DISCUSSION

Plaintiff seeks default judgment on two of the four claims asserted in its complaint: Count II for unauthorized reception of cable service in violation of 47 U.S.C. § 553 and Count III for conversion. *See* Pl.'s Mot. at 6-10. Plaintiff does not seek default judgment on Count I for violation of 47 U.S.C. § 605 or Count IV for violation of Cal. Bus. & Prof. Code § 17200. *See* Riley Decl. ¶ 7. The Court therefore limits its evaluation of Plaintiff's motion to Counts II and III, and it dismisses Counts I and IV without prejudice.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court discusses in turn subject matter jurisdiction, personal jurisdiction, service, the *Eitel* factors, and the requested relief.

### A. Subject Matter Jurisdiction

The Court has federal question jurisdiction over Count II for violation of 47 U.S.C. § 553. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The Court has supplemental jurisdiction over Count III for conversion. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]").

**B. Personal Jurisdiction**

A federal district court may exercise either general or specific personal jurisdiction over a defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Id*. at 137. A court may exercise specific personal jurisdiction over an out-of-state defendant if the defendant has sufficient "minimum contacts" with the state. *Id*. at 126-27.

It is unclear whether general personal jurisdiction exists, because the complaint does not allege whether Defendant is domiciled in California. However, specific personal jurisdiction exists based on the complaint's factual allegations, taken as true, that Defendant owned and operated the El Cielo Bar & Grill in California and exhibited the Program there without authorization from Plaintiff. *See* Compl. ¶¶ 7-13. Those allegations satisfy the requirements for specific personal jurisdiction under Supreme Court and Ninth Circuit authority. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316-20 (1945) (discussing specific personal jurisdiction); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (setting forth three-prong test for analyzing a claim of specific personal jurisdiction).

**C. Service of Process**

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action. *See Solis v. Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012). Plaintiff filed a proof of service showing that Defendant was served by substitute service pursuant to California law. *See* POS, ECF 13.

The Federal Rules of Civil Procedure allow service of process pursuant to the law of the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). Under California law, substitute service may be used under certain circumstances. *See* Cal. Civ. P. Code § 415.20. As relevant here, if the defendant cannot be personally served despite reasonable diligence, service may be effected by leaving a copy of the summons and complaint at the defendant's usual place of business with a person apparently in charge and thereafter mailing a copy of the summons and complaint to the defendant at the business. *See* Cal. Civ. P. Code § 415.20(b). Service is deemed complete on the 10th day after mailing. *See id*. Two or three attempts at personal service

United States District Court
Northern District of California

ordinarily suffice to establish reasonable diligence. *See Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1391-92 (1992).

Plaintiff's process server attempted personal service on Defendant at El Cielo Bar & Grill on four separate occasions. *See* POS. After being unsuccessful, the process server left the service documents with a person in charge at El Cielo Bar & Grill. *See id.* The service documents thereafter were mailed to Defendant at El Cielo Bar & Grill. *See id*. The Court finds that Plaintiff has shown that Defendant was properly served with process.

**D. *Eitel* Factors**

Next, the Court considers whether default judgment is warranted under the *Eitel* factors.

**1. Factor 1 – Possibility of Prejudice**

Under the first *Eitel* factor, the Court finds that Plaintiff would be prejudiced without a default judgment against Defendant. Because Defendant did not respond to the complaint, Plaintiff's only recourse is default judgment. *See Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would have no other means of recourse against Defendants for the damages caused by their conduct"); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010) ("Here, denial of Plaintiff's request for judgment and injunctive relief would leave Plaintiff with no means to prevent further infringement by Defendants, and leave Plaintiff prone to continued circumvention of its security measures by Defendants.").

The first factor weighs in favor of granting default judgment.

**2. Factors 2 and 3 – Merits and Sufficiency of Claims**

The second and third *Eitel* factors address the merits and sufficiency of the plaintiff's claims. Courts often analyze these two factors together. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). "[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

United States District Court
Northern District of California

**a. Count II – Violation of 47 U.S.C. § 553**

In Count II, Plaintiff asserts a claim for violation of 47 U.S.C. § 553, which prohibits the unauthorized reception, interception and publication of certain communications, including cable-delivered television programming. *See* 47 U.S.C. § 553(a) ("No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."). "To prove a violation of § 553 a plaintiff must establish three elements: (1) an interception of a cable transmission or broadcast, (2) lack of authorization, and (3) publication." *Innovative Sports Mgmt. Inc. v. Ochoa*, No. CV-20-01127-PHX-SPL, 2022 WL 22864989, at *2 (D. Ariz. July 20, 2022).

The complaint's allegations, accepted as true, establish that Defendant intercepted the cable transmission or broadcast of the Program, Defendant did not have Plaintiff's authorization for such interception, and Defendant published the Program by exhibiting it at El Cielo Bar & Grill. *See* Compl. ¶¶ 7-12. Plaintiff also offers evidence on these elements. Plaintiff's president submits a declaration stating that Plaintiff owns the exclusive nationwide licensing rights to exhibit the Program, and that Plaintiff did not authorize Defendant to exhibit the Program at El Cielo Bar & Grill. *See* Jacobs Decl. ¶¶ 1-7, ECF 19-1. Plaintiff's investigator submits a declaration stating that the Program was exhibited on multiple televisions inside El Cielo Bar & Grill. *See* Galvez Decl. The Court finds that Plaintiff's allegations and evidence are sufficient to establish the merits and sufficiency of Count II for violation of 47 U.S.C. § 553.

**b. Count III – Conversion**

In Count III, Plaintiff asserts a claim for conversion. Under California law, the tort of conversion has three elements: "(1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages." *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981). The complaint's allegations, accepted as true, establish that Plaintiff owns the nationwide distribution rights for the Program, Defendant misappropriated that ownership right by intercepting the Program and exhibiting it at El Cielo Bar & Grill, and Plaintiff

was damaged because it was not paid a sublicensing fee for Defendant's exhibition of the Program. *See* Compl. ¶¶ 34-36. Plaintiff also offers evidence on these elements, in particular, evidence that Plaintiff owns the nationwide distribution rights for the Program and did not authorize Defendant to exhibit the Program, *see* Jacobs Decl. ¶¶ 1-7, and that Defendant exhibited the Program at El Cielo Bar & Grill, *see* Galvez Decl. The Court finds that Plaintiff's allegations and evidence are sufficient to establish the merits and sufficiency of Count III for conversion.

Because Plaintiff has established the merits and sufficiency of Counts II and III, the second and third *Eitel* factors weigh in favor of granting default judgment.

**3. Factor 4 – Sum of Money at Stake**

Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct. "Default judgment is disfavored when a large amount of money is involved or unreasonable in light of the potential loss caused by the defendant's actions." *Operating Engineers' Health & Welfare Tr. Fund for N. California v. Hansen*, No. 19-CV-08344-JSC, 2024 WL 3558851, at *4 (N.D. Cal. July 26, 2024) (internal quotation marks and citation omitted). However, "when the sum is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (internal quotation marks and citation omitted).

With respect to Count II for violation of 47 U.S.C. § 553, Plaintiff seeks $5,000 in statutory damages, plus $25,000 in enhanced damages, plus reasonable attorneys' fees. With respect to Count III for conversion, Plaintiff seeks $1,000 in damages, which is the amount of the licensing fee Defendant would have had to pay to exhibit the Program at El Cielo Bar & Grill. *See* Jacobs Decl. ¶ 8 (stating that a sublicense to show the Program would have cost Defendant $1,000). The damages sought under § 553 are much greater than the potential loss caused by Defendant's actions, that is, the loss of the $1,000 sublicensing fee. However, the damages, enhanced damages, and attorneys' fees recoverable under § 553 are completely within the Court's discretion. With that guardrail in place, the Court finds that the sum of money at stake is sufficiently tailored to Defendant's conduct to make this factor favorable to Plaintiff.

The Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

**4. Factors 5 and 6 – Possibility of Factual Dispute or Excusable Neglect**

Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of dispute over any material fact and whether the default was due to excusable neglect. *See Ridola*, 2018 WL 2287668, at *13. There is no indication on this record that Defendant could dispute any material fact or that Defendant's failure to appear was due to excusable neglect.

The fifth and sixth *Eitel* factors weigh in favor of granting default judgment.

**5. Factor 7 – Policy Favoring Decision on the Merits**

The seventh *Eitel* factor, which is the policy favoring decisions on the merits, weighs against default judgment. In cases where the other factors weigh in favor of default judgment, the seventh factor will not be an impediment to granting default judgment. *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate.").

**6. Conclusion**

The Court finds that the first through sixth *Eitel* factors favor granting default judgment, and that those factors outweigh the seventh *Eitel* factor. Accordingly, the Court concludes that Plaintiff is entitled to default judgment against Defendant on Count II for unauthorized reception of cable service in violation of 47 U.S.C. § 553 and Count III for conversion.

**E. Relief Requested**

Having determined that Plaintiff is entitled to default judgment, the Court must consider whether the requested relief is warranted. Plaintiff seeks damages in the amount of $30,000 under 47 U.S.C. § 553 (Count II), damages in the amount of $1,000 for conversion (Count III), and attorneys' fees in an amount to be determined.

**1. Damages on Count II – Violation of 47 U.S.C. § 553**

A plaintiff who establishes a violation of 47 U.S.C. § 553 may obtain either: (1) actual damages suffered as a result of the violation and any profits of the violator that are attributable to the violation that are not taken into account when computing actual damages; or (2) statutory damages in a sum not less than $250 and not more than $10,000 as the court considers just. *See* 47 U.S.C. § 553(c)(3)(A). If the court finds that the violation was committed willfully and for the

purpose of commercial advantage or financial gain, the court in its discretion may enhance the damages award by up to $50,000. *See* 47 U.S.C. § 553(c)(3)(B).

**a. Statutory Damages under 47 U.S.C. § 553(c)(3)(A)**

Courts in this district addressing similar claims under 47 U.S.C. § 553 typically have awarded statutory damages in the amount of the lost sublicensing fee. *See, e.g., G & G Closed Cir. Events, LLC v. Segura*, No. C 20-07576 WHA, 2021 WL 3141191, at *4-5 (N.D. Cal. July 26, 2021), *aff'd*, No. 21-16381, 2022 WL 1499650 (9th Cir. May 12, 2022) (collecting cases and awarding $1,400 cost of sublicense in statutory damages under 47 U.S.C. § 553); *G & G Closed Cir. Events, LLC v. Macias*, No. 20-CV-02916-BLF, 2021 WL 2037955, at *6 (N.D. Cal. May 21, 2021) (awarding $875 cost of sublicense in statutory damages under 47 U.S.C. § 553).

Some courts have increased the sublicensing fee by a modest multiplier. For example, a court in this district awarded $4,000 – four times the cost of the sublicense – in statutory damages under 47 U.S.C. § 605 in a prior suit by the same Plaintiff against the same Defendant for the interception and exhibition of a different soccer match at El Cielo Bar & Grill. *See Innovative Sports Mgmt., Inc. v. Polanias* ("*Polanias I*"), No. 24-CV-06435-EJD, 2025 WL 1017931, at *4 (N.D. Cal. Apr. 4, 2025). However, in a second suit by this Plaintiff against this Defendant for the interception and exhibition of a soccer match at El Cielo Bar & Grill, the undersigned declined to increase the statutory damages beyond the cost of the sublicensing fee in that case. *See Innovative Sports Mgmt., Inc. v. Polanias* (*"Polanias II"*), No. 25-cv-05060-BLF, 2026 WL 1300553, at *6 (N.D. Cal. May 12, 2026) (awarding $1,000 in statutory damages under 47 U.S.C. § 553(c)(a)).

In the present case – the third suit in this district arising from Defendant's unauthorized interception and exhibition of a soccer match at El Cielo Bar & Grill, Plaintiff seeks statutory damages in the amount of $5,000 based on a 5x multiplier of the lost sublicensing fee of $1,000. Plaintiff points out that the *Polanias I* court applied a 4x multiplier under similar circumstances and argues that at least the same multiplier is warranted here. The Court agrees that Defendant's repeated misconduct should be taken account in determining an appropriate damages award, but in the Court's view Defendant's apparent pattern of pirating soccer matches should be addressed in the context of Plaintiff's request for enhanced damages rather than the base statutory damages.

United States District Court
Northern District of California

Accordingly, the Court will grant statutory damages in the amount of $1,000, the cost of the sublicense Defendant would have paid to exhibit the Program.

**b. Enhanced Damages under 47 U.S.C. § 553(c)(3)(B)**

Courts in this district addressing similar cases generally have awarded enhanced damages of twice the statutory damages. *See, e.g., Segura*, 2021 WL 3141191, at *4-5 (collecting cases and awarding twice the cost of the sublicense as enhanced damages under 47 U.S.C. § 553); *Macias*, 2021 WL 2037955, at *6 (awarding twice the cost of the sublicense as enhanced damages under 47 U.S.C. § 553). The *Polanias I* court declined to award any enhanced damages. *See Polanias I*, 2025 WL 1017931, at *4. However, the undersigned granted $3,000 in enhanced damages in *Polanias II*. *See Polanias II*, 2026 WL 1300553, at *6 (finding that Defendant acted willfully under a pattern of misconduct).

Plaintiff seeks enhanced damages of $25,000. Plaintiff argues that Defendant's conduct was willful, pointing out that Defendant pirated two prior soccer matches in violation of Plaintiff's rights on earlier occasions. *See generally, Polanias I*, 2025 WL 1017931; *Polanias II*, 2026 WL 1300553. The Court notes that Plaintiff sent multiple settlement demand letters to Defendant at her place of business on December 5, 2023, and January 12, 2024, prior to the initiation of *Polanias I*. Thus, the evidence establishes that Defendant had a pattern of misconduct and that Defendant was on notice of Plaintiff's rights.

The Court agrees with Plaintiff that Defendant's repeated violations establish a pattern of willfulness on the part of Defendant that warrants an enhanced damages award. There was no cover fee charged for entry to the restaurant, which has been a factor in other courts' consideration of awarding enhanced damages for willfulness. *See, e.g., J & J Sports Prods., Inc. v. Waters*, No. 3:12-CV-779-FDW-DCK, 2013 WL 2948318, at *7 (W.D.N.C. June 14, 2013). However, Plaintiff has submitted evidence that the restaurant was more than two-thirds full at the time of broadcast and that the Program was being exhibited on multiple televisions, which the Court finds sufficient to raise a reasonable inference that the Program was shown to attract customers. *See Macias*, 2021 WL 2037955, at *6 ("Defendants benefitted from the illegal interception by avoiding paying the licensing fee and presumably attracting additional patrons who spent more

time in the establishment watching the Program."). The Court finds Plaintiff's request for $25,000 in enhanced damages – a 25x multiplier of the sublicensing fee Defendant should have paid – to be excessive. The Court finds that an award of enhanced damages in the amount of $5,000, which is 5x the statutory damages, is reasonable in this case and appropriately takes into consideration that this is the third suit against Defendant for pirating activity.

**2. Count III – Conversion**

Plaintiff seeks damages for conversion in the amount of $1,000. Plaintiff submits evidence that the commercial sublicensing fee to broadcast the Program would have cost Defendant $1,000. *See* Jacobs Decl. ¶ 8. Based on that evidence, the Court will grant Plaintiff's request for $1,000 in damages for conversion.

The Court notes that some courts in this district have declined to award conversion damages in similar circumstances, finding that the sublicensing fee sought as conversion damages is subsumed in the award of statutory damages. *See, e.g., Polanias I*, 2025 WL 1017931, at *5. Other courts in this district have awarded both statutory damages and conversion damages. *See, e.g., Segura*, 2021 WL 3141191, at *6; *Macias*, 2021 WL 2037955, at *6. This Court finds it appropriate to award conversion damages, particularly in light of the Court's award of modest enhanced damages.

**3. Attorneys' Fees**

Plaintiff asks for leave to file a motion for attorneys' fees. Reasonable attorneys' fees may be awarded under to 47 U.S.C. § 553(c)(2)(C). Plaintiff may file a properly supported request for reasonable attorneys' fees and costs within 14 days after issuance of this order. Any such motion must be accompanied by an attorneys' fees chart in compliance with this Court's Standing Order Re Civil Cases.

//

//

//

//

//

**IV. ORDER**

(1) Plaintiff's motion for default judgment is GRANTED IN PART AND DENIED IN PART, as follows:

(a) Plaintiff is GRANTED default judgment on Count II for violation of 47 U.S.C. § 553 in the amount of $6,000, comprising $1,000 in statutory damages and $5,000 in enhanced damages.

(b) Plaintiff is GRANTED default judgment on Count III for conversion in the amount of $1,000.

(2) Count I for violation of 47 U.S.C. § 605 and Count IV for violation of Cal. Bus. & Prof. Code § 17200 are DISMISSED WITHOUT PREJUDICE.

(3) A separate default judgment will be entered for Plaintiff and against Defendant in the total amount of $7,000 plus an award of reasonable attorneys' fees to be determined by separate motion.

(4) Plaintiff may file a properly supported motion for reasonable attorneys' fees within 14 days of this order. Any such motion must be accompanied by an attorneys' fees chart in compliance with this Court's Standing Order Re Civil Cases.

(5) This order terminates ECF 19.

Dated: July 29, 2026

BETH LABSON FREEMAN
United States District Judge