United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br>Plaintiff,<br>v.<br>MARTHA J. MARTINEZ POLANIAS, d/b/a EL CIELO BAR & GRILL,<br>Defendant. | Case No. 25-cv-08726-BLF<br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br>[Re: ECF 23] |

On July 29, 2026, the Court granted Plaintiff Innovative Sports Management, Inc.'s motion for default judgment. *See* Order, ECF 21. The Court awarded Plaintiff $7,000 in damages, comprising $6,000 in damages under 47 U.S.C. § 553 and $1,000 in damage for conversion. *See id.*; Default Judgment, ECF 22.

On August 11, 2026, Plaintiff filed the present motion for attorneys' fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C). *See* Pl.'s Mot., ECF 23. Plaintiff seeks $8,925 in attorneys' fees and $1,366 in costs. The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). The hearing previously scheduled for January 14, 2027 is VACATED. Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

A party may file a motion for "attorney's fees and related nontaxable expenses" within fourteen days after entry of a judgment or any order from which an appeal lies. Fed. R. Civ. P. 54(a), (d)(2). "Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). "[T]here must be another source of authority for such an award." *Id.* at 1281.

United States District Court
Northern District of California

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (internal quotation marks and citation omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.*

"When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). "In addition, that party has the burden to prove that the rate charged is in line with the prevailing market rate of the relevant community." *Id.* (internal quotation marks and citation omitted). The relevant community is "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (internal quotation marks and citation omitted).

## II. DISCUSSION

Plaintiff filed this motion within fourteen days after entry of judgment, as required under Rule 54(d)(2). Plaintiff seeks attorneys' fees and costs under 47 U.S.C. § 553, which provides that a district court "may . . . direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *See* 47 U.S.C. § 553(c)(2)(C). There is no question that Plaintiff is the prevailing party. Plaintiff seeks $8,925 in attorneys' fees and $1,366 in costs.

### A. Attorneys' Fees

In support of his request for $8,925 in attorneys' fees, Plaintiff submits the declaration of its counsel, Thomas P. Riley, and billing records attached thereto. *See* Riley Decl., ECF 23-1. Mr. Riley states that his firm does not use billing software but does keep "contemporaneous notes with respect to the dates and times the substance of the work is done." *Id.* ¶ 7. "Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves." *Id.* Mr. Riley submits a chart summarizing the hours each biller spent on the major tasks in the case and the applicable hourly rates. *See* Chart, ECF 23-2.

The billing records and chart reflect 8 hours spent by Mr. Riley at a rate of $750 per hour, and 9 hours spent by an unnamed research attorney at a rate of $325 per hour. Plaintiff seeks attorneys' fees in the following amounts for each biller:

- Lead Attorney Time: 8 hours at $750/hour = $6,000
- Research Attorney Time: 9 hours at $325/hour = $2,925

The Court finds Mr. Riley's hourly rate of $750 to be reasonable. Mr. Riley has been practicing law for thirty years. *See* Riley Decl. ¶ 3. He has been awarded a rate of $750 in similar cases litigated in this district. *See, e.g., Innovative Sports Mgmt., Inc. v. Martinez Polanias*, No. 25-CV-05060-BLF, 2026 WL 1733600, at *1 (N.D. Cal. June 15, 2026). The Court also finds that the hours expended by Mr. Riley were reasonable. His time was spent on pre-complaint investigation, the complaint, litigation tasks, and motion practice. This Court previously found Mr. Riley's expenditure of 7.6 hours to be reasonable in a similar case. *See id*. In that case, the Court declined to award fees for time that Mr. Riley spent on clerical tasks, commenting that such tasks should be subsumed in the firm's overhead. *See id*. Mr. Riley does not seek fees for time spent on clerical tasks in the present case. The Court will award fees for Mr. Riley's work in the amount requested, $6,000 (8 hours x $750 = $6,000).

The Court finds the research attorney's hourly rate of $325 to be reasonable. Although the research attorney is unnamed, Mr. Riley's declaration states that the research attorney obtained his Juris Doctorate from George Washington University in 1994, has been practicing law for thirty years, has been working with Mr. Riley's office in the field of commercial signal piracy for more than fifteen years, and is a member in good standing of several state bars. *See* Riley Decl. ¶ 3. Other courts in this district have approved a $325 hourly rate for Mr. Riley's research attorney in similar cases. *See, e.g., Innovative Sports Mgmt. Inc v. Sanchez*, No. 25-CV-05058-NW, 2026 WL 1651507, at *1 (N.D. Cal. June 8, 2026) (approving research attorney's $325 hourly rate); *Innovative Sports Mgmt., Inc. v. Lizcano Reyes*, 802 F. Supp. 3d 1182, 1185 (N.D. Cal. 2025) (same).

However, the Court finds that the claim for 9 hours of the research attorney's time, all spent on motion practice, is not adequately supported. Three motions were filed in this case: a

motion for a Clerk's entry of default, a motion for default judgment, and the present motion for attorneys' fees. The motions and supporting declarations are form filings that substantially duplicate other filings submitted by Mr. Riley's firm in dozens of prior cases involving piracy of televised sporting events. *See, e.g., Sanchez*, 2026 WL 1651507, at *2 (reducing hours based on law firm's frequent filing of similar cases); *Innovative Sports Mgmt., Inc. v. Arias*, No. C 22-05773 WHA, 2023 WL 4238494, at *2 (N.D. Cal. June 27, 2023) (reducing hours on basis that Mr. Riley's "firm routinely files these sorts of claims"). Under these circumstances, and especially considering that Mr. Riley himself claims 2.7 hours spent on motion practice, the Court finds it appropriate to reduce the research attorney's claimed 9 hours by one-third, to 6 hours. Court will award fees for the research attorney's work in the amount of $1,950 (6 hours x $325 = $1,950).

In summary, Plaintiffs' motion for attorneys' fees is GRANTED IN PART in the amount of $7,950 ($6,000 + $1,950 = $7,950).

**B. Costs**

Plaintiff seeks costs in the amount of $1,280.75, consisting of $405 for the complaint filing fee, $125.75 for service of process charges, and $750 for investigative expenses. *See* Riley Decl. ¶¶ 9-10 & Ex. 2, 3. The requested costs include both taxable costs and nontaxable expenses, which are treated differently under Federal Rule of Civil Procedure 54(d), as discussed below. *See* Fed. R. Civ. P. 54(d)(1), (2)(a).

**1. Taxable Costs**

Taxable costs are taxed by the clerk rather than the district judge. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice."). Six categories of taxable costs are listed in 28 U.S.C. § 1920. Two of the costs sought by Plaintiff – $405 for filing the complaint and $125.75 for service of process – fall within the statutory definition of taxable costs. *See* 28 U.S.C. § 1920(1) (taxable costs include "[f]ees of the clerk and marshal"); *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) ("In making Marshal's fees taxable as costs in section 1920(1), we believe Congress exhibited an intent to make service of process a taxable item."); *Instrumentation Lab'y Co. v. Binder*, No. 11CV965 DMS (KSC), 2013 WL 12049072, at

*7 (S.D. Cal. Sept. 18, 2013), *aff'd*, 603 F. App'x 618 (9th Cir. 2015) (court filing fee and service of process charge were taxable costs).

This district's Civil Local Rules require that "[n]o later than 14 days after entry of judgment or order under which costs may be claimed, *a prevailing party claiming taxable costs must serve and file a bill of costs*." Civ. L.R. 54-1(a) (emphasis added). "Any party who fails to file a bill of costs within the time period provided by this rule will be deemed to have waived costs." Civ. L.R. 54-1(c). Plaintiff did not file a bill of costs within the time provided or at all. Accordingly, the filing fee and service charge requested by Plaintiff could be deemed waived in this case.

However, many district courts in this circuit have excused the failure to file a bill of costs under Rule 54(d)(1) where taxable costs were requested and adequately documented in a motion for attorneys' fees and costs under Rule 54(d)(2). *See, e.g., Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496 YGR, 2015 WL 1886708, at *14 (N.D. Cal. Apr. 24, 2015) (rejecting defendant's argument that plaintiff was not entitled to taxable costs because plaintiff had not filed a bill of costs); *Moralez v. Whole Foods Mkt., Inc.*, No. C 12-01072 CRB, 2013 WL 3967639, at *7 (N.D. Cal. July 31, 2013) ("Even without a Bill of Costs, the Court is able to determine the reasonableness of Plaintiff's counsel's costs, as Plaintiff has provided all relevant invoices, billings, and receipts."); *Instrumentation Lab'y Co.*, 2013 WL 12049072, at *7 ("Although Defendants are correct that ILC should have timely filed a bill of costs with the Clerk, ILC's request [for taxable costs] is granted notwithstanding failure to follow proper procedure."). Other district courts have awarded taxable costs along with attorneys' fees in similar cases brought by this Plaintiff with no discussion of Plaintiff's failure to file a bill of costs. *See, e.g.*, *Innovative Sports Mgmt. Inc v. Sanchez*, No. 25-CV-05058-NW, 2026 WL 1651507, at *2 (N.D. Cal. June 8, 2026); *Innovative Sports Mgmt., Inc. v. Lizcano Reyes*, 802 F. Supp. 3d 1182, 1186 (N.D. Cal. 2025).

This Court finds it appropriate to award the taxable costs requested by Plaintiff. Plaintiff's motion for attorneys' fees and costs was filed within 14 days after judgment, which is the same period for filing a bill of costs. The fees for filing and service clearly would have been

United States District Court
Northern District of California

recoverable had Plaintiff filed a bill of costs. Defendant has not appeared in the case and therefore cannot complain of prejudice. Accordingly, the Court will award Plaintiff $530.75 in taxable costs ($405 filing fee + $125.75 service charge = $530.75).

**2. Nontaxable Expenses**

"In contrast to taxable costs, nontaxable costs are recoverable on a motion to the court under Rule 54(d)(2) along with attorney's fees." *Instrumentation Lab'y Co.*, 2013 WL 12049072, at *7. Recoverable nontaxable costs include "those out-of-pocket expenses that would normally be charged to a fee paying client." *Gerber-Siggelkow v. Allstate Prop. & Cas. Ins. Co.*, No. 1:18-CV-00408-CWD, 2022 WL 1416552, at *8 (D. Idaho Feb. 7, 2022) (internal quotation marks and citation omitted).

Plaintiff seeks $750 for pre-filing investigative expenses. It appears that Plaintiff paid an investigative firm $750 to enter Defendant's establishment on October 15, 2024 for the purpose of determining whether Defendant was unlawfully exhibiting the *Colombia v. Chile Soccer Match*. This suit was filed almost a year later, on October 10, 2025.

Investigative expenses do not fall within any of the categories of taxable costs listed in 28 U.S.C. § 1920 and therefore are recoverable, if at all, only as nontaxable expenses. District courts in the Ninth Circuit are split as to whether such prefiling investigative expenses are recoverable as nontaxable expenses under Rule 54(d)(2). *See G & G Closed Cir. Events, LLC v. Parker*, No. 3:20-cv-00801-BEN-RBB, 2021 WL 164998, at *8-9 (S.D. Cal. Jan. 19, 2021) (collecting cases). Those courts that have found prefiling investigative expenses to be potentially recoverable have required such expenses to be justified with information regarding the amount of time spent on the case by the investigator, the investigator's hourly rate, and the investigator's qualifications. *See, e.g., Innovative Sports Mgmt. Inc. v. Singh*, No. CV-18-02211-PHX-MTL, 2020 WL 3574582, at *5 (D. Ariz. July 1, 2020).

Even assuming that investigative expenses such as those sought here could be awarded in an appropriate case, this Court finds that Plaintiff has not provided sufficient information to warrant an award in this case. Plaintiff's counsel provides the investigator's invoice and offers his conclusory opinion that the $750 investigator's fee "is a customary and reasonable fee." Riley

Decl. ¶ 9 & Ex. 2. That information is insufficient for the Court to make a determination whether the investigative expenses are reasonable. For that reason, the Court will deny the request for $750 in investigative expenses.

In summary, Plaintiffs' motion for costs is GRANTED IN PART in the amount of 530.75.

## III. ORDER

(1) The hearing on Plaintiff's motion for attorneys' fees and costs, previously scheduled for January 14, 2027, is VACATED.

(2) Plaintiff's motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART as set forth herein. Plaintiff is awarded $7,950 in reasonable attorneys' fees and $530.75 in costs, for a total award of $8,480.75.

(3) This order terminates ECF 27.

Dated: August 25, 2026

BETH LABSON FREEMAN
United States District Judge